UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WAYNE HOUSTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CAUSE NO. 1:17-cv-3310-TWP-MJD |
| RICHARD A. MCCORKLE, individually | ) | |
| and as Sheriff of Henry County, Indiana, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now the Defendant, Richard A. McCorkle, individually and as Sheriff of Henry County, by counsel, and for his Reply Brief in Support of Motion for Partial Summary Judgment, states as follows:

## II. ARGUMENT

A. HOUSTON HAS NOT PRESENTED ANY EVIDENCE SUGGESTING THAT MCCORKLE HAD PERSONAL INVOLVEMENT IN THE EVENTS LEADING UP TO HOUSTON'S INJURY.

All parties agree that McCorkle cannot be personally liable under § 1983 simply because he was at the top of the organizational chart. *See* Filing No. 49, at ECF p. 5 ("Defendant is correct that he cannot be held personally responsible for subordinate misconduct unless he knew about the conduct, facilitated it, approved it, condoned it, or turned a blind eye to it.") (internal quotation and emphasis omitted). To be personally liable, he must condone or acquiesce in the unconstitutional acts of subordinates. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2003). Put another way, he must act knowingly or with deliberate, reckless indifference to the

conduct of his subordinates. *See Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). In this case, no one disputes that McCorkle was absent from the jail when Houston was injured. *See* [Filing No. 45-10, at ECF p. 1](). Because he was not present, he could not have known how his staff was operating the jail on the day in question. A person cannot be deliberately indifferent to unknown circumstances; therefore, the undisputed material facts show McCorkle cannot be personally liable under § 1983.

Houston cannot create a genuine issue of fact regarding McCorkle's personal indifference to Houston's situation by pointing to the generalized concern of a single witness regarding staffing at the jail. Deliberate indifference has two elements: the existence of a substantial risk of harm (which is an objective question) and actual knowledge of that risk (a subjective question). *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). To create an issue of fact on both elements, Houston points to only one fact. He observes that Jail Commander Grider had longstanding "staffing concerns." [Filing No. 49, at ECF p. 5](). These concerns say nothing about either the objective risk of harm to Houston or about McCorkle's personal knowledge of the risk of harm to Houston.

Grider's concerns also do not distinguish this case from *Palmer v. Marion County, supra*. As McCorkle argued in his original brief, *Palmer* is controlling on the question of McCorkle's personal liability. In that case, the Seventh Circuit held that a plaintiff needed to show actual knowledge of prior incidents before a sheriff could be held personally responsible for injuries suffered by a prisoner at the hands of other prisoners. *Palmer*, 327 F.3d at 594. Having no such evidence in *Palmer*, the court found it was proper to grant summary judgment in favor of the sheriff. For the same reason, summary judgment on the question of personal liability is proper in

this case. In short, this single point of testimony from Grider's deposition fails to create a genuine issue of fact regarding McCorkle's personal liability.

    B.  THE OFFICIAL CAPACITY CLAIMS MUST ALSO FAIL BECAUSE HOUSTON IS EXPRESSLY MAKING A NEGLIGENCE CLAIM AND NEGLIGENCE IS INSUFFICIENT TO ESTABLISH ENTITY LIABILITY.

McCorkle is not liable in his official capacity because there is no unconstitutional policy or custom at issue. Suing McCorkle in his official capacity is like suing a government entity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). However, an entity is only liable for constitutional injuries caused by its policies or customs. *Harris*, 489 U.S. at 385. In his complaint, Houston did not refer to any polices or customs, *see* Filing No. 1, at ECF pp. 2-3, but he now claims that this case involves a final policymaker who has widespread unconstitutional customs of allowing staff to ignore written polices and of maintaining an inadequate staff. Filing No. 49, at ECF p. 6.

Significantly, this claim is not really about the absence of constitutional policies. Houston acknowledges there is a policy about proper staffing.[1] Filing No. 49, at ECF p. 2 n. 2; Filing No. 50-9, at ECF p. 1. He also acknowledges that there is a policy regarding the conduct of relevant jail personnel. Filing No. 49, at ECF p. 3. Thus, Houston is really arguing that these policies were not followed. However, he does not support this argument with evidence that would create a triable issue of fact.

The evidence Houston identifies simply does not show that McCorkle was aware that there was a widespread practice of ignoring his written policies and procedures. There can be no widespread practice of failing to undertake an action without actual knowledge of the need to

---

[1] Thus, it is unclear what Houston means when he says that McCorkle has conceded the absence of a policy regarding overcrowding. Filing No. 49, at ECF pp. 3-4. It is true that there are no written policies that specifically mention overcrowding. The policy is, as Houston points out, to maintain an adequate staff. Filing No. 49, at ECF p. 2 n.2; Filing No. 50-9, at ECF p. 1. Therefore, Houston is really saying that McCorkle was failing to enforce that policy.

take such action. *See Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("In this context, an official capacity claim requires the plaintiff to show that the municipal action was taken with deliberate indifference as to its known or obvious consequences.") (internal quotation omitted). Here again, Houston refers to Grider's concerns about understaffing to make his point. [Filing No. 49, at ECF pp. 5-6](). As stated earlier, Grider's concerns are not necessarily McCorkle's concerns. That is, Houston is not proving McCorkle's deliberate indifference by pointing to the knowledge of another individual. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that a prison official is not deliberately indifferent unless the official is actually aware of facts from which he draws an inference of a substantial risk of serious harm).

Moreover, Houston has not shown that McCorkle was indifferent to the alleged problems. Obviously, indifference requires an actor to actually disregard a known fact. *See Guzman*, 495 F.3d at 859. Here, the evidence Houston designates shows that McCorkle had actually undertaken efforts to increase staffing at the jail in late 2016. *See* [Filing No. 50-1, at ECF p. 6]() ("[I]n late 2016, [the county council] finally gave the sheriff the budget and the okay to hire a few more people."). Houston was injured on January 1, 2017, so McCorkle was engaged in efforts to increase staffing before Houston's injury. Increasing staff is the exact opposite of disregarding staffing concerns, and the fact that those efforts might not have worked on the day in question is not evidence of an unconstitutional policy. *See Butera v. Cottey*, 285 F.3d 601, 608-09 (7th Cir. 2002) ("[T]he existence or possibility of other better policies which might have been used does not necessarily mean that the [Sheriff] was being deliberately indifferent.").

Finally, Houston still has a critical problem. He acknowledges that the allegedly unconstitutional custom must be the "moving force" behind the constitutional deprivation at issue. *See* [Filing No. 49, at ECF p. 6](). *See also Gable v. City of Chicago*, 296 F.3d 531, 537 (7th

Cir. 2002). To prove moving force, Houston asks how McCorkle can claim not to be a moving force. Filing No. 49, at ECF p. 6. Of course, a circular rhetorical question is not evidence, but, even if it were, the question is easily answered. Houston is really making a claim of negligent supervision. This means that he is in fact arguing that the harm was caused by jail personnel; that is, the actions or omissions of the jail personnel were the moving force.

Houston's own arguments belie the true nature of his claim. He specifically argues that McCorkle "negligently failed to enforce" certain policies and procedures. Filing No. 49, at ECF p. 6. In other words, Houston is arguing that the failure of McCorkle's agents to follow certain policies caused the harm, and McCorkle is responsible for a failure to oversee his subordinates. Thus, he has answered his own question. For official capacity liability to attach, the harm cannot be caused by the acts of the entity's agents but rather must be caused by the entity itself. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor."). Indeed, negligence by a policymaker is not even an unconstitutional policy or custom in the first place. *See Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997) ("A showing of simple or even heightened negligence will not suffice."). *See also Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016) ("Negligence on the part of policymakers is not sufficient to show deliberate indifference."). Here, Houston is arguing, at most, that McCorkle's supervision of his jail personnel was negligent. This is not enough to sustain an official capacity claim under 42 U.S.C. § 1983.

For the foregoing reasons, McCorkle, by counsel, requests that this Court grant his motion for partial summary judgment and remand the remaining state law claims to the appropriate state court.[2]

---

[2] In a footnote, Houston makes an argument regarding discovery sanctions for a missing video. Filing No. 49, at ECF p. 2. That entire argument is out of place in this discussion and should be addressed in a

Respectfully submitted,

POLLACK LAW FIRM, P.C.

s/Caren L. Pollack
Caren L. Pollack, Attorney No. 11897-49

s/Zachary J. Stock
Zachary J. Stock, Attorney No. 23163-49

*Attorneys for Defendant, Richard A. McCorkle, individually and as Sheriff of Henry County, Indiana*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was filed electronically on December 28, 2018. Notice of this filing will be sent to the following parties by operation of the Court's ECF system:

Jon C. Abernathy
GOODIN ABERNATHY LLP
301 East 38th Street
Indianapolis, IN 46205
jabernathy@goodinabernathy.com
*Attorney for Plaintiff*

                                              s/Caren L. Pollack
                                              Caren L. Pollack

POLLACK LAW FIRM, P.C.
10333 N. Meridian Street, Suite 111
Indianapolis, Indiana 46290
Ph: (317) 660-4880
Fx: (317) 660-4888
cpollack@pollacklawpc.com
zstock@pollacklawpc.com

---

separate motion. *See* Fed. R. Civ. P. 37(e) (setting forth procedures for dealing with electronic evidence that a party allegedly failed to preserve). McCorkle reserves the right to address that argument in the future should it be necessary.